J-S39002-16

2016 PA Super 193

| | |
|---|---|
| DAWN M. CUBANO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JONAS M. SHEEHAN, M.D., MOKSHA RANASINGHE, M.D., MILTON S. HERSHEY MEDICAL CENTER, A/K/A HERSHEY MEDICAL CENTER, A/K/A HERSHEY MEDICAL CENTER, AND PENN STATE HERSHEY NEUROSURGERY | |
| Appellees | No. 2055 MDA 2015 |

Appeal from the Order Entered October 26, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2013-CV-08035-MM

BEFORE:   STABILE, PLATT,[*] and STRASSBURGER,[*] JJ.

OPINION BY STABILE, J.:                 **FILED AUGUST 29, 2016**

Appellant, Dawn M. Cubano, appeals from the order entered on October 26, 2015 in the Court of Common Pleas of Dauphin County, granting the motion for summary judgment filed by Appellees, Jonas M. Sheehan, M.D., Moksha Ranasinghe, M.D., Milton S. Hershey Medical Center, a/k/a Hershey Medical Center, a/k/a Hershey Medical Center, and Penn State Hershey Neurosurgery.  Upon review, we quash the appeal as untimely filed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court provided the following factual and procedural background:

> This case arises from an elective surgery that [Appellant] underwent on October 9, 2008 to treat her back and leg pain. Postoperatively, Appellant complained of moderate to severe low back pain. Appellant was discharged from the [Appellee] Medical Center on October 10, 2008, but alleges that she began to experience new post-surgical symptoms of severe burning, tingling and numbness of her right side from her buttocks to her toes from October 11 through 13, 2008.
>
> On October 15, 2008, Appellant went to the [Appellee] Medical Center, and [Appellee Sheehan] performed a second surgery on Appellant the next day. Appellant alleges that, after this second surgery, she awoke with new and disabling symptoms including bowel constipation, severe neuropathic rectal and bowel pain, urinary retention, numbness extending from her right buttock to her toes and a total lack of voluntary dorsiflexion in her right foot and toes resulting in complete right foot drop.
>
> Appellant brought claims sounding in medical professional negligence, alleging that the two [Appellee] physicians, an attending and a Resident in the specialty of neurosurgery, were negligent in performance of her spine surgery.[1] It is undisputed that Appellant has not procured any expert reports to support her claims. By Order dated July 6, 2015, Appellant's expert reports were due by August 28, 2015, which [Appellees] agreed to extend to September 11, 2015. Dispositive Motions were to be filed on or before October 16, 2015, "with Briefs as directed by the [c]ourt." Trial was set for the week of November 2, 2015.
>
> On September 17, 2015, Appellees filed a Motion for Summary Judgment based on Appellant's failure to provide any

_____

[1] We note Appellant's action was initially filed in York County but was transferred to Dauphin County as requested by Appellees based on *forum non conveniens.*

- 2 -

expert reports by the extended deadline of September 11, 2015. In her pretrial statement, Appellant admitted that she had not obtained an expert report that supported her case against Appellees. Moreover, Appellant's counsel admitted that there were no experts who were preparing a report on behalf of Appellant. . . .

Appellant never filed a Motion for extension of the case management deadlines, nor did she file an Objection to the November 2, 2015 trial listing. As a result, this case was attached to the November 2[] trial term, and this [c]ourt held a Pre-trial conference on October 19, 2015. Appellee[s'] Motion for Summary Judgment was discussed, and Appellant's counsel again admitted that he had been unable to locate an expert who was willing to write a favorable opinion for Appellant and testify on her behalf. Due to the fact that trial was to start on November 2, 2015, and there was no dispute that Appellant had not produced a timely expert report, this [c]ourt did not direct the parties to file briefs, but instead made a ruling based on the Appellee[s'] Motion, relevant case law, and representations of Appellant's counsel both at the Pre-Trial Conference and in Appellant's response to Appellee[s'] Motion. Our reasoning for granting Appellee[s'] Motion for Summary Judgment is set forth in our October 23, 2015 Order[.][2]

Trial Court Rule 1925(a) Opinion, 1/22/16, at 1-3 (unnumbered).

The order from which Appellant purports to appeal was entered on October 26, 2015. Therefore, Appellant was required to file the appeal no later than November 25, 2015. **See** Pa.R.A.P. 903(a) (an appeal "shall be filed within 30 days after the entry of the order from which the appeal is

_____

[2] Although the Rule 1925(a) opinion and the Dauphin County "Complete Case History" suggest the date of the order was October 23, 2015, which was a Friday, we note that the date of the order was actually Monday, October 26, 2015, "the day on which the clerk ma[de] the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b).

taken"). "An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal)." Pa.R.A.P. 902.

The docket reflects that Appellant filed her appeal on November 27, 2015, thirty-two days after entry of the order and two days beyond the rule's deadline.[3]  On its face, the appeal is untimely under Pa.R.A.P. 903(a). As such, this Court is divested of jurisdiction and we must quash the appeal. **Cheathem v. Temple University Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999); **Valley Forge Ctr. Associates v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245 (Pa. Super. 1997); **see also** Pa.R.A.P. 105(b) (appellate court may not enlarge time for filing a notice of appeal).

We note that this Court issued an order on January 28, 2016, directing Appellant to show cause, within ten days, why the appeal should not be quashed as untimely filed.  Appellant's counsel responded, indicating that he filed a motion for reconsideration of the trial court's grant of summary judgment and learned, through research, that the motion did not stay the thirty-day period for filing an appeal.  Appellant's Response to Rule to Show Cause, 2/8/16, at ¶ 6.  He explained that he "waited some time before filing [the] Notice of Appeal pending the [trial court's] treatment of

---

[3] Thanksgiving fell on Thursday, November 26, 2015.

[Appellant's] Motion [for] Reconsideration and called the Dauphin County Prothonotary on November 24, 2015 to learn of its denial" and to learn the actual date of the court's order granting summary judgment. *Id.* at ¶ 7. Given that information, counsel determined that the notice of appeal had to be filed by the following day and "[a]ccordingly . . . forwarded Appellant's Notice of Appeal to the Prothonotary of Dauphin County by Federal Express overnight delivery with a cover letter requesting an email confirmation of timely receipt." *Id.* at ¶¶ 8-9.[4] Counsel expected the notice of appeal would be docketed upon receipt and that he would receive an email on November 25 confirming receipt. *Id.* at ¶ 11. He could not explain "why the Notice of Appeal was not docketed by the Dauphin County Prothonotary on November 25th but state[d] that he did everything in his power to assure that it would be." *Id.* at ¶ 12. He asked this Court to treat the notice of appeal as timely filed *nunc pro tunc*. *Id.* at 3.

This Court issued an order on February 26, 2016, documenting counsel's response to the Rule to Show Cause and acknowledging the documentation submitted in support. The Order indicated that the issue would be referred to this panel; that the January 28, 2016 show cause order

---

[4] With his response, counsel submitted documentation dated November 24, 2015, ostensibly completed by his office, for Federal Express overnight package delivery service to the Dauphin County Prothonotary. He did not attach any documentation from Federal Express reflecting the date of delivery or any email communication from the Prothonotary indicating receipt of the package.

was discharged; and that this panel "may revisit the issue and may find the appeal is defective." Order, 2/26/16, at 1. The Order also advised Appellant that she should be prepared to address the issue in her brief in the event this matter would be submitted on briefs. *Id.*

Appellant's brief was filed three days later, on February 29, 2016, and did not address the issue of timeliness. However, after Appellees argued in their brief that the appeal should be quashed as untimely, Appellant did briefly address the issue as follows:

> [Appellant's] Notice of Appeal was timely. She did not send her Notice by regular mail as noted in case law cited by [Appellees] but rather by Federal Express Priority Overnight delivery on Tuesday, November 24th for timely delivery to the Prothonotary of Dauphin[] County, Pennsylvania on February [sic] 25th as planned. [Appellant] used a highly reliable priority service with every expectation of both timely delivery and timely docketing.

Appellant's Reply Brief at 1. Appellant does not cite any authority to support her contention that enlisting the services of Federal Express, and relying on Federal Express to deliver the package overnight, satisfies the requirement of Rule 902 to file a notice of appeal with the clerk of the lower court within the time allowed by Rule 903. With respect to Rule 902, this Court has stated:

> The rule provides of no exceptions. In fact, the rule emphasizes that the filing of a timely notice of appeal is the *sine qua non* of a proper appeal from a final order by stating that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal. . . ." This clearly implies that the only failure that *does* affect the validity of the appeal is the failure to file a timely notice of appeal. It is this failure that we have no jurisdiction to excuse.

***Thermo–Guard, Inc. v. Cochran***, 596 A.2d 188, 192 (Pa. Super. 1991) (emphasis in original) (superseded by statute on other grounds).

Appellees acknowledge that our courts will permit an untimely appeal in extraordinary circumstances through an appeal *nunc pro tunc*. Appellees' Brief at 14. However Appellant did not file an appeal *nunc pro tunc* but simply asked, in her response to this Court's Rule to Show Cause, that we treat the appeal as *nunc pro tunc*. Regardless, Appellant has not identified any extraordinary circumstances that prevented a timely filing of the appeal. Her counsel did not explain why, for example, he did not file a notice of appeal simultaneously with the motion for reconsideration. Nor does he explain why he simply did not drive to the Dauphin County Courthouse, not even 40 miles from his office, to file the appeal in person.[5] Instead, he waited until November 24 to contact the Dauphin County Prothonotary, learned that the motion for reconsideration had been denied, and learned

_____

[5] We take judicial notice of the distance between counsel's office and the Dauphin County Courthouse, which according to Google maps is 37.7 miles. ***See*** https://www.google.com/maps. ***See*** Pa.R.E. 201; ***United States v. Perea-Rey***, 680 F.3d 1179, 1182 n. 1 (9th Cir. 2012) ("We take judicial notice of a Google map . . . as a 'source whose accuracy cannot reasonably be questioned,' at least for the purpose of determining the general location of the [defendant's] home."). ***See also Nascone v. Spudnuts, Inc.***, 735 F.2d 763, 773 (3d Cir. 1983) (taking judicial notice of the distance between Western Pennsylvania and Utah). Further, weather records indicate the temperature at the Capital City Airport during business hours on November 24 and 25, 2015 ranged from the mid-30s to low 50s with no precipitation measured on either day. ***See*** https://www.wunderground.com.

that the October 23 order was actually docketed on October 26, making the deadline for filing an appeal the next day, November 25.[6]   Appellant's Response to Rule to Show Cause, 2/8/16, at ¶¶ 6-8.   He then enlisted the services of Federal Express to deliver the notice of appeal, *id.* at ¶ 9, even though the rules clearly do not designate Federal Express overnight service as an accepted method of preserving an appeal or as an alternate method of filing a notice of appeal with the clerk.   **Cf. Mapu v. Nicholson**, 397 F.3d 1375 (Fed. Cir. 2005) (rejecting use of Federal Express as an equivalent to the U.S. Postal Service for preserving an appeal from a decision of the Board of Veterans' Appeals).

Because her appeal was not timely filed, the appeal must be quashed.[7]

Appeal quashed.

---

[6] It is not lost on us that had the October 23 order been entered on the day it was issued rather than on October 26, the deadline for filing an appeal would have passed before counsel contacted the Prothonotary on November 24.

[7] Even if her appeal were not quashed, Appellant would not be entitled to relief.  Appellant's cross motion for summary judgment was filed beyond the court-imposed deadline for filing dispositive motions.  Appellant did not seek an extension of that deadline or request that the case be continued from the November 2 trial list.   The trial court properly refused to consider the untimely motion.   Further, even if timely, the claims Appellant sought to preserve were claims of negligence for post-operative pain and suffering that were not within the range of ordinary experience so as to eliminate the need for an expert report.   At the very least, her claims raised genuine issues of material fact that would compel denial of summary judgment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2016