J-A03045-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID E. FERRARA, | : | |
| | : | |
| Appellant | : | No. 884 WDA 2018 |

Appeal from the Order May 10, 2018
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000278-2002
CP-33-CR-0000279-2002
CP-33-CR-0000486-2005
CP-33-CR-0000493-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID E. FERRARA, | : | |
| | : | |
| Appellant | : | No. 923 WDA 2018 |

Appeal from the Order Entered May 10, 2018
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000278-2002
CP-33-CR-0000279-2002
CP-33-CR-0000486-2005
CP-33-CR-0000493-1999
CP-33-CR-0000570-2000

J-A30045-19

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 26, 2019**

David E. Ferrara (Appellant) appeals *pro se* from the May 10, 2018 order, which denied his *nunc pro tunc* petition to modify sentence. Upon review, we conclude that this petition should have been treated as an untimely-filed petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and affirm the court's order on that basis.[1,2] We affirm the order appealed from at 884 WDA 2018,[3] and dismiss the appeal filed at 923 WDA 2018.[4]

---

* Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) ("It is well-settled that this Court may affirm a trial court's ruling on any basis.").

[2] On June 1, 2018, Appellant filed a single notice of appeal from the May 10, 2018 order, docketed with this Court at 884 WDA 2018, from four lower court docket numbers: CP-33-CR-0000278-2002, CP-33-CR-0000279-2002, CP-33-CR-0000486-2005, and CP-33-CR-0000493-1999. Thereafter, Appellant filed another notice of appeal from the same May 10, 2018 order, docketed with this Court at 923 WDA 2018, from five lower court docket numbers: CP-33-CR-0000278-2002, CP-33-CR-0000279-2002, CP-33-CR-0000486-2005, CP-33-CR-0000493-1999, and CP-33-CR-0000570-2000. These appeals were consolidated *sua sponte* by order of this Court on July 17, 2018.

[3] We must address the fact that Appellant filed a single notice of appeal at 884 WDA 2018, raising issues which relate to four lower court docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The

*(Footnote Continued Next Page)*

- 2 -

J-A30045-19

*(Footnote Continued)* ———————

Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed."  In **Walker**, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal."  **Id.** at 976-77.  Thus, it held that for appeals filed after June 1, 2018, the date **Walker** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed."  **Id.** at 977.  The Court emphasized that the "failure to do so will result in quashal of the appeal."  **Id.**

Here, Appellant filed a single notice of appeal from an order denying Appellant's *nunc pro tunc* petition to modify sentence filed at multiple docket numbers.  The notice of appeal was filed on the same day as **Walker**, June 1, 2018.  Appellant's certification indicates he delivered it to prison authorities for mailing on May 27, 2018.  **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (holding "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").  In light of **Walker**'s prospective application, we decline to quash the appeal at docket 884 WDA 2018.

[4] With respect to the appeal docketed at 923 WDA 2018, Appellant filed erroneously his notice of appeal with the Superior Court rather than the lower court.  The notice of appeal was received in this Court on June 14, 2018.  It then appears to have been transferred to the lower court, where it was filed on June 18, 2018.  **See** 42 Pa.C.S. § 5103 (relating to transfer of erroneously filed matters).  The order from which Appellant appeals was entered on May 10, 2018, and he had 30 days, or until June 11, 2018, to file his appeal.  Thus, even with the benefit of the June 14, 2018 filing date, **see** 42 Pa.C.S. § 5103, the notice of appeal docketed at 923 WDA 2018 was filed untimely.  **See** Pa.R.A.P. 903(a) (an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday…, such day shall be omitted from the computation."); Pa.R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal)"); **Cubano v.**

*(Footnote Continued Next Page)*

We provide briefly the following background.

This case arises from incidents that occurred over ten years ago. While Appellant initially pled *nolo contendere* in 2002 to three counts of incest and guilty to one count of indecent assault, he petitioned to withdraw his plea, but the court denied his petition. This Court reversed his judgment of sentence and in 2004, after the reinstatement of the charges against him, Appellant again entered the same plea. He subsequently pursued a direct appeal with this Court and we affirmed his judgment of sentence.

**Commonwealth v. Ferrara**, 198 A.3d 466 (Pa. Super. 2018) (unpublished memorandum at 1). Appellant has filed numerous unsuccessful PCRA petitions and various other motions.

On May 7, 2018, the lower court docketed Appellant's *nunc pro tunc* petition to modify sentence, challenging his designation as a sexually violent predator (SVP) and his lifetime sex offender registration requirement. The lower court denied his petition on May 10, 2018. This appeal followed. Appellant and the lower court complied with Pa.R.A.P. 1925.

*(Footnote Continued)* ────────────

**Sheehan**, 146 A.3d 791 (Pa. Super. 2016) (holding "this Court is divested of jurisdiction and we must quash" an untimely filed appeal).

However, Appellant's certification indicates he delivered it to prison authorities for mailing on June 9, 2018. Thus, Appellant's second notice of appeal is arguably timely. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (holding "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing"). In any event, we dismiss the appeal docketed at 923 WDA 2018 as duplicative.

- 4 -

On appeal, Appellant raises three issues for our review: (1) whether the lower court erred in holding **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017),[5] *appeal granted*, 190 A.3d 581 (Pa. 2018), does not apply retroactively; (2) whether Appellant's lifetime sex offender registration requirement is unconstitutional because it is a punitive measure imposed in excess of the maximum allowable term of incarceration for his convictions, citing, *inter alia*, **Muniz** and **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) (holding "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"); and (3) whether the relief Appellant seeks is not cognizable under the PCRA. Appellant's Brief at 3.

We first address Appellant's claim that his *nunc pro tunc* petition to modify sentence is not a PCRA petition. Specifically, he contends that it is not a PCRA petition because it "was not contesting his conviction; his

---

[5] In **Butler**, this Court concluded that, in light of our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration requirement provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution), the subsection relating to SVP designation under SORNA "violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218.

sentence; the ineffectiveness of counsel; or that his right to appeal his judgment of sentence was obstructed by government officials." ***Id.*** at 19. Rather, Appellant claims his request that the court "remove an SVP determination and its lifetime reporting and registration requirements" is not cognizable under the PCRA. ***Id.*** He argues that because his petition is not a PCRA petition, it is not subject to the PCRA's timeliness requirements.[6] ***Id.***

In this case, the lower court considered Appellant's petition pursuant to 42 Pa.C.S. § 5505 (relating to modification of orders) and determined it lacked jurisdiction because the petition was filed more than 30 days after Appellant's sentencing order. Rule 1925(a) Opinion, 6/28/2018. Alternatively, it found the petition was without merit because ***Butler*** does not apply retroactively. ***Id.***

We consider the nature of Appellant's petition mindful of the following.

> It is well settled that the PCRA has subsumed other post-conviction relief. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition. Thus, a petitioner may not mislabel his petition in an attempt to circumvent the PCRA's timeliness requirements.
>
> … This Court has determined previously that a challenge to retroactive application of Megan's Law does not implicate "the statutory and rule-based requirements governing a PCRA petition." ***Commonwealth v. Bundy***, 96 A.3d 390, 394 (Pa. Super. 2014); ***see also Commonwealth v. Price***, 876 A.2d 988, 992 (Pa. Super. 2005) (stating that challenge to non-

---

[6] The lower court did not address this issue in its opinion. ***See*** Rule 1925(a) Opinion, 6/28/2018.

punitive, regulatory "registration, notification, and counseling requirements for offenders under Megan's Law" is not cognizable under the PCRA).  Thus, this Court has in the past criticized the analysis of lower courts where they have denied petitions for relief from Megan's Law's registration requirements, on the basis that they were untimely PCRA petitions.  *See*, *e.g.*, *Bundy*, 96 A.3d at 394 (rejecting the lower court's conclusion that the appellant's petition was untimely under the PCRA and addressing the merits of the appellant's claim); *Commonwealth v. Partee*, 86 A.3d 245, 247 (Pa. Super. 2014) (rejecting the lower court's PCRA analysis).

Recently, however, our Supreme Court determined that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses.  *Muniz*, 164 A.3d at 1193.  The punitive nature of these provisions implicates the legality of a sex offender's sentence.  *See* [] *Butler*, 173 A.3d [at] 1215 [] (concluding that a challenge to an appellant's increased registration requirements under SORNA implicated the legality of the sentence imposed).  Thus, claims challenging application of SORNA's registration provisions – unlike prior versions of Megan's Law – are properly considered under the PCRA.  [*Commonwealth v.*] *Murphy*, [180 A.3d 402, 405-06 (Pa. Super. 2018)] (discussing the impact of *Muniz* on the timeliness of a petitioner's PCRA petition); *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674 (Pa. Super. 2017) (remanding for further proceedings to address the petitioner's timely PCRA claim in light of *Muniz*).

*Commonwealth v. Greco*, ___ A.3d ___, 2019 WL 510129 at *2 (Pa. Super. Feb. 8, 2019).  Thus, Appellant's challenges to his SVP designation and his lifetime registration requirement are cognizable under the PCRA.  *Id.* Accordingly we must determine whether this PCRA petition was filed timely as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition.  *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

- 7 -

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, if invoking a timeliness exception, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant's judgment of sentence became final after the expiration of time for seeking review of our Supreme Court's denial of his petition for allowance of appeal on September 21, 2005. *See Commonwealth v. Ferrara*, 885 A.2d 41 (Pa. 2005). *See also* U.S. Sup. Ct. R. 13 (requiring petition for writ of *certiorari* to be filed within 90 days after entry of the order denying discretionary review by state court of last resort). Appellant then had one year to file timely a PCRA petition. Thus, Appellant's May 7, 2018 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

Appellant did not plead and prove an exception to the timeliness requirements of the PCRA because he maintains his *nunc pro tunc* petition to modify sentence is not a PCRA petition. However, to the extent that

Appellant claims he satisfies the new constitutional right exception,[7] *see* Appellant's Brief at 7-8 (arguing *Butler* applies retroactively), 9-18 (arguing Appellant's lifetime sex offender registration requirement is unconstitutional because it is a punitive measure imposed in excess of the maximum allowable term of incarceration for his convictions), such claim is without merit.

With respect to his SVP claim, Appellant must demonstrate that the Pennsylvania Supreme Court has held that *Butler* applies retroactively to cases pending on collateral review in order to satisfy subsection 9545(b)(1)(iii). At this time, because no such holding has been issued by our Supreme Court, Appellant cannot rely on *Butler* to meet this timeliness exception. Regarding his second claim that his lifetime registration requirement is unconstitutional, it is not a constitutional right that has been recognized by the U.S. Supreme Court or our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(1)(iii); *see also Commonwealth v. Murphy*, 180 A.3d 402, 406 n.1 (Pa. Super. 2018) (holding the substantive rule recognized in *Muniz* does not establish a timeliness exception to the PCRA);

---

[7] 42 Pa.C.S. § 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.").

***Commonwealth v. Strafford***, 194 A.3d 168 (Pa. Super. 2018) (holding SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code, and that a lifetime registration requirement authorized by SORNA does not constitute an illegal sentence); ***Commonwealth v. Martin***, __ A.3d __, 2019 WL 1070730 at * 4 (Pa. Super. Mar. 7, 2019) (holding Martin's 15-year registration requirement authorized by SORNA is not an illegal sentence and his constitutional challenge to same lacks merit).

Based on the foregoing, we conclude that Appellant's petition was an untimely-filed PCRA petition, and Appellant has not pleaded nor proven an exception to the timeliness requirements.  Therefore, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2019