J-S14019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY DUNN, SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROLA VAN ECK | : | No. 1397 WDA 2021 |

Appeal from the Order Entered November 23, 2021
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD19-001936-017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: September 8, 2022**

In this divorce matter, Jeffrey Dunn, Sr. (Husband) appeals from the order entered in the Allegheny County Court of Common Pleas, Family Court, denying his emergency petition for injunctive relief.[1]  Husband's petition sought relief from a prior order, which permitted Carola Van Eck (Wife) to discard Husband's personal property stored at Wife's residence, if Husband failed to retrieve it by a specified date.  Husband avers the court abused its discretion in allowing Wife to discard his property, without a hearing, resulting in the denial of a large portion of his equitable distribution award.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Wife has not filed a brief.  As we discuss **infra**, this Court recently disposed of another appeal in this matter, taken by Wife and challenging the award of alimony pendente lite to Husband.  **Dunn v. Van Eck**, 710 WDA 2021 (unpub. memo.) (Pa. Super. Mar. 8, 2022).  This Court affirmed.

The parties were married in July of 2014.[2]  They separated five years later, in November of 2019, following an incident that led to Wife obtaining a temporary protection from abuse (PFA) order against Husband.  Master's Report & Recommendation, 11/20/20 (Master's Report), at 3-4.  In March of 2020, Wife was granted a three-year final PFA order against Husband, and he was evicted him from the marital residence.  Meanwhile, in February of 2020, Husband filed a divorce complaint.

On November 20, 2020, the master issued a report and recommendation, which, *inter alia*, awarded Husband certain property that remained at Wife's residence.  Master's Report at 8.  These items, listed in Exhibit A to the master's report, included furniture, kitchen appliances, and household items.  The master recommended the court order that within 60 days, Husband "shall hire professional movers, at his sole cost, to pack and move [the] items," and that counsel shall schedule a time agreeable to both parties.  *Id.* at 19.  The report also provided that because there was an active PFA order, "Husband shall not be present at Wife's residence during the moving process."  *Id.*

On May 3, 2021, the trial court dismissed Husband's exceptions to the master's report and adopted the master's report and recommendation.  A final

---

[2] The parties had a pre-nuptial agreement and lived in the home that Wife owned prior to the marriage.  During the marriage, Wife became an orthopedic surgeon, and Husband, who was previously a machinist, became unemployed.

a decree in divorce was entered on June 4th.[3] Wife appealed, challenging the award of alimony *pendente lite* to Husband. On March 8, 2022, this Court affirmed, and Wife did not seek allowance of appeal with the Pennsylvania Supreme Court.

Meanwhile, on October 20, 2021 — five and a half months after the trial court adopted the master's report — Wife filed a petition for special relief, averring Husband had failed to remove his property from her residence. As the trial court did not hold a hearing on the underlying matter, we review the pleadings in detail. Wife's petition alleged: (1) her counsel "sent numerous messages to Husband's counsel[,]" who did not responded until September of 2021, and then requested Wife to provide available dates for movers; (2) Wife replied and suggested three dates in September and October; (3) Wife's message "was ignored and not replied to, and the three dates came and went without movers" arriving; and (4) Wife's storage of Husband's items was a burden and prevented her from selling the house. Wife's Petition for Special Relief — Husband's Furnishings & Reduction of Divorce Payment, 10/20/21, at 2-3 (unpaginated). Wife requested the trial court to set a deadline for the removal of the property, and permission to discard the property if Husband did not comply.

---

[3] The text of the divorce decree states the date of June 2, 2021. However, it is stamped as "filed," as well as entered on the trial docket, on June 4th. For ease of review, we cite the date the order was filed.

Husband filed an answer. He did not provide a reason why he was unable to schedule movers. Instead, he averred "[t]here was no timetable set for him to remove his property," and — as already set forth in the master's report — he "cannot be present to retrieve his property and thus will have to make arrangements to pay a moving company." *See* Husband's Answer to Petition for Special Relief, 10/20/21, at 1 (unpaginated).

On October 20, 2021, the trial court granted Wife's petition. The court directed Husband to "coordinate a date with Wife's counsel no later than [14] days from the date of [the] Order to" retrieve the property awarded to him. Order, 10/20/21, at 1 (unpaginated). The court's order further permitted Wife to discard the property if Husband failed to coordinate scheduling or failed to retrieve his items on the agreed upon date. *Id.*

On November 23, 2021, Husband filed the underlying emergency petition for injunctive relief. He averred: (1) the parties had agreed that Husband would retrieve his items on November 21st; (2) the items are not packed and "are located in three different locations[;]" (3) on November 19th, his counsel emailed Wife's counsel, advising "the movers [indicated] that based on that information, they could not do everything in one day[;]" (4) Wife's counsel did not respond; (5) because "Husband knew he could not complete the task, he did not send the movers on the [21st;]" (5) on November 22nd, Wife's counsel advised that because the items were not removed as scheduled, Wife would dispose of them; and (6) when Husband's

counsel requested a resolution, "given that [they were] a few days from the Thanksgiving holiday," Wife's counsel responded, "[T]his harassment must stop," and did not engage in further conversation. Husband's Emergency Petition for Injunctive Relief, 11/23/21, at 2-3 (unpaginated). Husband contended Wife had "unclean hands[, because s]he knew there was an issue and purposely did not respond." *Id.* at 3. Husband requested an injunction prohibiting Wife from disposing of his property pending further court review. Wife filed a response, arguing the trial court's October 10th order "must control" and she should be permitted to dispose of the items that Husband failed to retrieve. Wife's Response to Husband's Emergency Petition for Injunctive Relief, 11/23/21, at 1 (unpaginated).

The trial court did not hold a hearing, and on November 23, 2021, denied Husband's emergency petition for injunctive relief. Appellant filed a timely notice of appeal, and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[4] The court issued an opinion on February 2, 2022.

---

[4] Although the trial court's Rule 1925(b) order was filed and entered on the docket on December 13, 2021, the trial docket states that notice was not given until December 15th. For Rule 1925(b) purposes, we deem the order was filed on the latter date. *See* Pa.R.A.P. 108(a)(1) (generally, "in computing any period of time under these rules involving the date of entry of an order by a court[,] the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties"); Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice . . . ."); ***Cubano v. Sheehan***, 146 A.3d 791, 792 n.2 (Pa. Super. 2016) (in calculating

*(Footnote Continued Next Page)*

- 5 -

Husband presents one issue for this Court's review:

Whether the trial court sitting as a court in equity, committed an abuse of discretion by permitting Wife to dispose of the personal property that was awarded to Husband in equitable distribution as well as his premarital personal property. The outcome of which resulted in Husband losing the majority of his equitable distribution award.

Husband's Brief at 4.

In an equitable distribution matter, appellate review of a ruling on a petition for special relief

is governed by an abuse of discretion standard. An abuse of discretion [is] more than an error in judgment; we may find an abuse of discretion only on clear and convincing evidence that the trial court misapplied the law or overrode it or that the judgment reached was manifestly unreasonable, or based on bias, ill-will, or partiality.

*Johnson v. Johnson*, 864 A.2d 1224, 1229 (Pa. Super. 2004) (citations omitted).

In a domestic relations matter, a trial court may grant special relief, pursuant to Pa.R.C.P. 1920.43(a),[5] "when a party is seeking the benefit of the

_____

timeliness of a Rule 1925(b) statement, the date of the Rule 1925(b) order was the date on which the clerk made trial docket notation that notice was been as required by Pa.R.C.P. 236(b)).

Accordingly, pursuant to the terms of the order, Husband had 21 days from December 15, 2021 — or until January 5, 2022 — to file a Rule 1925(b) statement. His January 4th filing of the statement was thus timely. *See* Pa.R.A.P. 108(a)(1); *Cubano*, 146 A.3d at 792 n.2.

[5] *See* Pa.R.C.P. 1920.43(a)(3) ("At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon
*(Footnote Continued Next Page)*

master's [or] trial court's plan for equitable distribution or otherwise requesting the trial court to exercise its equitable powers." ***Sebastianelli v. Sebastianelli***, 876 A.2d 431, 432-33 (Pa. Super. 2005).

On appeal, Husband avers the trial court, sitting as a court in equity, abused its discretion in allowing Wife to dispose of his property, which not only represented a "large portion of" his equitable distribution award, but also included his premarital property. Husband's Brief at 11, 13. In support, he claims the following: because of the PFA order, he could not personally pack or move the items, and thus "was dependent upon third parties to do so, a fact that was well known to Wife." *Id.* at 12. On November 19, 2021, his attorney advised Wife's counsel "that there was a problem getting movers for that date[, but Wife's counsel] never responded," and instead, on "[t]he next business day," she informed his counsel "that Wife was disposing of the items." *Id.* As a result, Husband was denied his equitable share of the marital estate, and the court erred in denying his emergency petition without a hearing. Finally, Husband contends, "Wife has used her vastly superior financial situation to bully Husband throughout this litigation[.]" *Id.* at 13. Husband requests a trial court hearing on the value of his discarded property and amount to be paid to him. We conclude no relief is due.

_____

such terms and conditions as it deems just . . . grant other appropriate relief.").

In its opinion, the trial court considered Wife's claims that "Husband had made no efforts to retrieve his belongings prior to her Petition for Special Relief submitted in October 2021[,]" and that "her continued storage of Husband's belongings [prevented] her from selling her house." Trial Ct. Op., 2/2/22, at 6. The court reasoned that although Husband did coordinate a moving date with Wife,

> he ultimately did not follow through with scheduling the movers . . . because they would not have been able to fully complete the move within one day because his belongings were apparently located in three different locations.
>
> It is unclear to this Court why Husband decided the retrieval of his belongings was an 'all or nothing' situation. Wife made clear in her prior pleadings that the presence of Husband's property . . . was preventing her from selling her house. At minimum, Husband could have had the movers retrieve his belongings from Wife's house, and then retrieve his belongings from the other locations on a different day. Such an action would have shown a good faith effort by Husband to comply with this Court's October 19, 2021 Order[.]
>
> Instead, Husband cancelled the movers altogether and then blamed Wife for knowing there was an issue and intentionally not responding to his counsel's email.[ ] Whether Wife knew there was an issue or not is irrelevant; the fact is that it was Husband's responsibility to effectuate the retrieval of his belongings and Wife's responsibility to accommodate the retrieval. Husband failed to set forth any facts to support a claim that his failure to retrieve his belongings was due to any misconduct or failures by Wife. By his own admissions, Husband chose to not comply with this Court's October 19, 2021 Order[,] and by its plain language, [the] Order . . . made clear his lack of compliance would empower Wife to dispose of his belongings. In short, Husband chose the actions, now he must live with the consequences.

*Id.* at 6-7 (paragraph break added)

First, we reiterate that in Husband's emergency petition for injunctive relief, he averred his property was "located in three different locations" and the movers indicated "they could not do everything in one day." Husband's Emergency Petition for Injunctive Relief at 2. On appeal, Husband fails to acknowledge, let alone dispute, the trial court's discussion that he could have nevertheless removed the property from Wife's **residence** — which was the only property at issue in Wife's petition for special relief and the trial court's October 20, 2021, order.

We remind Husband's counsel that this Court sits as an error-correcting court, and Husband has not presented any discussion why the trial court's reasoning, set forth clearly in its opinion, represented an abuse of discretion. In any event, we agree with the trial court that Husband has not presented any meritorious reason why he failed to retrieve his property on the agreed-upon date, nor that Wife acted with misconduct or unclean hands. For the foregoing reasons, we conclude the court did not abuse its discretion in denying Husband's petition for injunctive relief. **See Johnson**, 864 A.2d at 1229.

Finally, we consider Husband's numerous references, throughout his brief, to the alleged imbalance in the parties' financial circumstances. **See, e.g.** Husband's Brief at 11 ("Wife was an orthopedic surgeon earning nearly $300,000 per year[, while] Husband was unemployed [and] found to have an earning capacity of approximately $60,000[;]" "Due to the [COVID]-19

pandemic, it was nearly one . . . year from [his eviction] from the former marital residence before Husband received any support payments."), 13 ("Wife has used her vastly superior financial situation to bully Husband throughout this entire litigation, including a frivolous appeal to the [alimony *pendente lite*] award[.]").  To the extent Husband implies his finances prevented him from arranging for movers, we would conclude no relief is due. The master's report specified Husband would "hire professional movers, **at his sole cost**[.]"  Master's Report at 19 (emphasis added).  Husband's exceptions did not challenge this cost.  Consistent with the master's report, the trial court's October 20, 2021, order provided, "Husband shall be responsible for any costs for Wife to remove his items from her home."  Again, Husband did not contest this cost assessed to him.

As we conclude no relief is due on Husband's claims, we affirm the order denying his emergency petition for injunctive relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/8/2022